UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                             Case No. 20-52558

KENT CULP,                                         Chapter 7

      Debtor.                                  Judge Thomas J. Tucker
_____/

**OPINION REGARDING CHAPTER 7 TRUSTEE'S MOTION
TO CONFIRM THAT 2018 FEDERAL TAX REFUND
IS PROPERTY OF THE ESTATE IN ITS ENTIRETY**

This case came before the Court for two hearings, on June 30, 2021 and on July 28, 2021, on the motion filed by the Chapter 7 Trustee, entitled "Trustee's Motion to Confirm 2018 Federal Tax Refund is Property of the Estate In Its Entirety" (Docket # 49, the "Motion"). The Debtor objected to the Motion, and counsel for the Trustee and counsel for the Debtor appeared at each of the hearings, by telephone. At the conclusion of the July 28, 2021 hearing, the Court took the Motion under advisement.

The Court has considered all of the facts, arguments, and authorities presented by the parties in their filed papers and at the hearings. For the reasons that follow, the Court will grant the Trustee's Motion.

All of the facts relevant to the Motion are undisputed. The Debtor, Kent Culp, filed this Chapter 7 bankruptcy case on December 23, 2020. Before the petition date, the Debtor and his non-filing spouse, Conni Culp, filed a joint federal income tax return for 2018. In that tax return, the Culps claimed and requested a tax refund of $13,825.00. After the petition date, the Internal Revenue Service sent a check to the Chapter 7 Trustee, dated April 15, 2021, representing the 2018 tax refund, in the total amount of $14,415.09, which includes interest of $590.09.

In the Motion, the Trustee contends that the entire 2018 tax refund, including the interest portion, is property of the bankruptcy estate in this case. The Debtor disagrees, and contends that

only 50 percent of the refund amount is property of the bankruptcy estate, while the other 50 percent is the property of the Debtor's non-filing spouse, Conni Culp.

The Trustee and the Debtor agree that the 2018 tax refund is property of the bankruptcy estate in this case, to the extent the right to the tax refund was the property of the Debtor, Kent Culp, as of the bankruptcy petition date, rather than the property of the Debtor's non-filing spouse, Conni Culp. *See generally Araj v. Kohut* (*In re Araj*), 371 B.R. 240, 243 (E.D. Mich. 2007) (citations omitted) ("Tax refunds based upon earnings or losses prior to the date of a bankruptcy are considered the property of the bankruptcy estate.") (quoting *United States v. Michaels*, 840 F.2d 901, 901-02 (11th Cir. 1988)).

The dispute between the parties[1] concerns the method by which the Court should allocate ownership of the tax refund, as between the Debtor (and therefore the bankruptcy estate) and his non-filing spouse. As described by a recent case from another judicial district, there are at least four primary approaches that bankruptcy courts have taken "to determine the portion of joint tax refunds to which a debtor's estate is entitled when a joint return has been filed with a non-debtor spouse." *In re McInerney*, 609 B.R. 497, 503 (Bankr. N.D. Ill. 2019). The *McInerney* case described and discussed in detail all of the approaches.

The Debtor contends that the Court should apply the approach that is often referred to as the "50/50 Rule." The *McInerney* case described that approach, which it ultimately rejected, as follows:

> The minority approach . . . applies the "50/50 Rule" to allocate a joint tax refund equally between the spouses, regardless of tax withheld, income produced, or credits applied. The 50/50 Rule

---

[1] The parties are the Chapter 7 Trustee and the Debtor. The Debtor's non-filing spouse, Conni Culp, did not file any response to the Trustee's Motion, and did not appear at either of the hearings on the Motion, either in person or through counsel. And the Debtor's counsel stated that he does not represent Conni Culp.

> creates a presumption that each spouse contributed equally to the household, including nonmonetary contributions, and that, thus, the joint tax refund should be apportioned equally between the spouses. Some courts find that the presumption of equal ownership may be rebutted by demonstrating that the couple's "present conduct or history of financial management" suggests separate fiscal affairs. At least one court has disagreed, explaining that equal ownership of a tax refund may be rebutted only by evidence of "a domestic relations court order or an enforceable, written, prepetition contract between the spouses designating alternative ownership of the refund."

*McInerney*, 609 B.R. at 504 (citations omitted). The Debtor has cited cases that support the 50/50 Rule, including the often-cited case of *In re Innis*, 331 B.R. 784, 789 (Bankr. C.D. Ill. 2005). As both *Innis* and *McInerney* recognized, this is the minority rule. *See McInerney*, 609 B.R. at 504; *Innis*, 331 B.R. at 786.

In unpublished opinions and oral bench opinions, several of the bankruptcy judges in this district have adopted and applied the 50/50 Rule in the past. And the undersigned judge did so in a bench opinion and order in a case decided in 2008. *See*, *e.g.*, *In re Marble,* Case No. 09-40146 (Bankr. E.D. Mich. Dec. 28, 2009), *rev'd in part on other grounds*, No. 10-10367, 2010 WL 3198901 (E.D. Mich. Aug. 12, 2010) (Docket # 36 at 4) (Shapero, J.); *In re Lindner*, Case No. 08-71386 (Bankr. E.D. Mich. Sept. 17, 2009) (Docket # 77 at 1-2) (Rhodes, J.); *In re Connolly*, Case No. 08-42952 (Bankr. E.D. Mich. April 30, 2008) (Docket # 55-1 at 5-6) (Tr. of Hr'g on Trustee's Mot. To Turn Over Non-Exempt Property of the Estate) (Tucker, J.).

Contrary to the Debtor's position, the Chapter 7 Trustee contends that the Court should apply the majority rule, which is known as the "Withholding Rule." The *McInerney* case described that rule, which it ultimately adopted, as follows:

> The majority of courts follows the "Withholding Rule," under which the refund is allocated between spouses in proportion to their respective tax withholdings during the relevant tax year.

> Fundamental to the Withholding Rule is the premise that the filing of a joint tax return does not change the property rights between the spouses. Rather, courts employing the Withholding Rule have explained that spouses who jointly file tax returns have separate legal interests in any overpayment, "'the interest of each depending upon his or her relative contribution to the overpaid tax.'" Indeed, "[a] tax refund essentially represents a repayment by the government to the taxpayer of an overpayment made by the taxpayer." Accordingly, that refund is the "property" of the taxpayer "who earned the income and overpaid the tax."

*McInerney*, 609 B.R. at 505 (citations omitted).

The Withholding Rule has been applied by at least one of the bankruptcy judges in this district in the past, in a pre-Code case decided under the Bankruptcy Act. And the undersigned judge applied this rule as well, in an oral bench opinion and order in a prior case decided in 2013. *See In re Thomas*, 14 B.R. 759, 764 (Bankr. E.D. Mich. 1981) (case decided under the Bankruptcy Act) (Bobier, J.)*; In re Johnson*, Case No. 13-51584 (Bankr. E.D. Mich. Dec. 4, 2013) (Docket # 37 at 5-6) (Tr. of Hr'g on Trustee's Obj. to Debtor's Claim of Exemptions, Judge's Ruling Only) (Tucker, J.).

There is no binding precedent on this issue; neither the United States Supreme Court nor the United States Court of Appeals for the Sixth Circuit has ruled on the issue. And bankruptcy court cases from around the country have made differing rulings. While, as noted above, the undersigned judge applied the 50/50 Rule in a 2008 bench opinion, in the *Connolly* case, the undersigned judge later applied the Withholding Rule, in a 2013 bench opinion, in the *Johnson* case.

The Court has reviewed all of the cases cited by the parties, including the cases cited above, and the Court has carefully considered all the possible approaches to this issue discussed in the cases. These include, but are not limited to, the majority approach favoring the Withholding Rule and the minority approach favoring the 50/50 Rule. The Court is persuaded,

primarily by the reasoning and holding of the *McInerney* case, that the best and correct approach to apply is Withholding Rule, as advocated by the Chapter 7 Trustee in this case.

The Court will apply the Withholding Rule. In this case that means that the entire 2018 federal income tax refund is property of the bankruptcy estate. This is because it is undisputed, and the Culps' joint federal income tax return for 2018 clearly shows, that all of the income for that year was earned by the Debtor Kent Culp alone, and all of the tax payments, through withholdings and otherwise, were made by the Debtor Kent Culp alone. The Debtor's spouse, Conni Culp, did not earn any income and did not make any tax payments toward the federal income tax for 2018. As a result, the entire right to the 2018 federal income tax refund was the property of the Debtor, Kent Culp, when he filed his bankruptcy petition in this case. Thus, the entire refund is property of the bankruptcy estate, subject to any allowed exemption that the Debtor might have.

For these reasons, the Court will grant the Trustee's Motion. The Court will prepare and enter a separate order.

**Signed on July 29, 2021**    /s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**